[No. C. D. 512. *En Banc.* April 27, 1923.]

*In the Matter of the Proceedings for the Disbarment of* H. J. DUNHAM.[1]

ATTORNEY AND CLIENT (7)—GROUNDS FOR SUSPENSION—EVIDENCE—SUFFICIENCY. In proceedings for disbarment, the court will review the evidence taken before the state board of law examiners and its findings thereon, upon proper objection and exceptions thereto; and while the findings of the state board are entitled to just weight, the appellate court is not bound thereby and will not follow them unless it clearly appears that the charges are sustained by the necessary preponderance of the evidence.

Proceedings filed in the supreme court May 10, 1922, for the disbarment of an attorney, upon findings of the state board of law examiners against the accused. Dismissed.

[1]Reported in 214 Pac. 628.

*Ed. B. Powell* and *W. W. Zent,* for accused.

*The Attorney General* and *M. H. Wight, Assistant,* for the state.

Tolman, J.—Harry J. Dunham, an attorney at law, admitted to practice in this state, was heretofore charged with unprofessional conduct, and after a regular hearing, the state board of law examiners made findings and recommendations to the effect that the evidence sustained the charges; that the conduct proven is a violation of the code of ethics of the profession, and in view of the youth and inexperience of the respondent and his previous good character, recommended that he be suspended from practice for a period of six months.

Exceptions and objections having been filed and the matter regularly heard here, we have carefully considered all of the evidence preserved in the record, and though we have great confidence in the judgment of the state board of law examiners, realize that the witnesses appeared before them in person, giving them an opportunity to judge, by their appearance and demeanor, as to the credit to be given to each more accurately than we can do; yet, because of the seriousness of such a charge and its effect upon the future of a young practitioner, we have been somewhat reluctantly forced to the conclusion that the board believed, relied upon, and followed too implicitly the testimony of interested witnesses, one of whom seems to have been acting under some compulsion, and as not having given sufficient weight to the testimony of respondent and his witnesses, which, if believed, show the young man to have acted without serious fault.

Upon each of the vital points the testimony of some one only of the interested witnesses must be weighed

against the testimony of respondent, who is, of course, also interested. The opportunities for confusion, error and misconception all lie with the witnesses who had an interest in sustaining the charges, while the testimony of respondent may not be considered with any such limitations. It is either true or false. If true, he is without serious fault; if false, his conduct in this respect is much worse than that with which he is here charged.

After carefully weighing all of the testimony, we are not convinced that the respondent has willfully testified falsely, or that the charges have been sustained by the necessary preponderance of the evidence, and it is therefore the judgment of the court that the complaint be dismissed.

MAIN, C. J., HOLCOMB, PARKER, MACKINTOSH, BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.